LOTAN GASSETT *vs* ERASTUS W. SANBORN.

In an action of tort against an officer for taking on attachment against a third person chattels mortgaged to the plaintiff, the declaration need not allege that the demand made by the plaintiff on the officer, as required by the Rev. Sts. c. 90, § 79, contained a just and true account of the mortgage debt.

A demand, under the Rev. Sts. c. 90, § 79, on an officer attaching chattels mortgaged, which describes a mortgage of a certain date, ma e to secure the sum of $300 with interest from said date, and gives notice that the plaintiff claims " said sum of $307.90," as due him on said mortgage, is sufficient.

ACTION OF TORT against a deputy sheriff. The declaration averred that the defendant took and carried away certain furniture, of the value of $173, formerly the property of Benjamin Graffani, and by him mortgaged to the plaintiff; and that the plaintiff demanded of the defendant payment of the money due to him, pursuant to the Rev. Sts. c. 90, § 79, and served on the defendant a notice (a copy of which was annexed) that the property was mortgaged by Graffani to the plaintiff on the 18th of June 1853, to secure the payment of three promissory notes of that date, one for $125 in eight months, one for $100 in fourteen months, and one for $75 in twenty months, and each with interest, and demanded " payment of and indemnity for " $175 owing to the plaintiff on said notes and mortgage ; yet the defendant had not paid that amount, nor returned the furniture.

Answer, that the defendant took the property on mesne process against Graffani ; that it was liable to be so taken ; and that the plaintiff's mortgage was fraudulent and void.

At the trial in the court of common pleas at January term

1855, it appeared that the defendant, as a deputy sheriff, attached the goods as the property of Benjamin Graffani, being then in his possession; and that the plaintiff, about the time of the attachment, served upon the defendant the following demand in writing: " Sir, You having attached personal property mortgaged to me by Benjamin Graffani by mortgage dated June 18th 1853, recorded in the city record of mortgages, lib. 87, fol. 297, to secure the payment of three hundred dollars and interest from said 18th day of June 1853, are hereby notified that I claim to hold the said property as security for the payment of the said amount owing to me by the said Graffani; and I hereby demand payment of the said sum of three hundred and seven dollars and ninety cents, owing to me on said mortgage."

It also appeared that the defendant afterwards sold the goods under the execution which issued in the action in which they were attached; and that four months after this sale the plaintiff made upon the defendant a second demand, which was the one annexed to the declaration.

The plaintiff introduced, as evidence of the amount of the mortgage debt, three notes, described in the second demand, which bore no indorsements of any payments. The defendant moved for a nonsuit, because the declaration did not duly allege that the account stated in the written demand was a just and true account of the debt, and because there was no proof that it was so, and because the account did not specify the different amounts claimed; (for which he cited Rev. Sts. *c.* 90, §§ 78, 79; *Harding* v. *Coburn*, 12 Met. 333; *Johnson* v. *Sumner*, 1 Met. 178;) and also because the demand was not made within a reasonable time. *Mellen*, C. J. overruled the motion, and submitted the case to the jury, who returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. B. Robb*, for the defendant.

*F. W. Dickinson*, for the plaintiff.

MERRICK, J. The motion for a nonsuit was very properly denied. It was not necessary for the plaintiff to allege in his declaration in this action that the amount demanded by him of the defendant was a just and true account of the debt or de-

mand for which the property attached was liable to him under the mortgage by force of which he claimed to hold it. The declaration sets forth in accurate terms the seizure, conversion and value of the goods and chattels alleged to have been taken by the defendant, and of the interest therein which is claimed by the plaintiff; and is much more particular and exact than is required in the form prescribed by the *St.* of 1852, *c.* 312. Being a full and legal statement of the injury of which he complains, and of the right he intends to assert, the plaintiff is permitted under it to prove all the facts essential to the maintenance of his action.

The first demand which was made upon the defendant, and which was produced in evidence upon the trial, without objection, was in all respects ample and sufficient; and was in such compliance with the provisions of the statute as to render a dissolution of the attachment a necessary consequence of it, unless the amount due to the plaintiff was thereupon duly paid or tendered to him. The demand was in writing; and although the day on which it was made is not stated, it is said to have been about the time of the attachment; and no objection has been intimated that it was unseasonable or improperly delayed. It specified the date of the mortgage, and the exact amount secured by and due upon it, to wit, the sum of three hundred dollars, with interest thereon from the date named; and required the payment of the aggregate of those sums as the amount then justly due to the plaintiff. Nothing could be more explicit than this. Upon the trial the plaintiff produced evidence tending to prove that the amount thus presented to the defendant was just and true; and this has been affirmed by the verdict. Judging from the facts which are stated in the bill of exceptions, we do not see how the jury could rightly have come to any other conclusion. The plaintiff produced the notes secured by the mortgage, without any indorsements thereon; and in the absence of any evidence to the contrary, the presumption of law is that they remained unpaid.

As the demand upon the defendant was sufficient to meet all the requirements of the law, and as the money due to the plain-

tiff was not paid nor tendered, the attachment upon the mortgaged property was thereupon, by operation of the statute, immediately dissolved. The subsequent retention and sale on execution of the property were a conversion of it to his own use, which made the defendant liable in an action of tort for its value.

Upon those considerations alone the plaintiff is clearly enti tled to judgment on the verdict rendered in his behalf; and there is therefore no occasion to discuss any of the other questions raised at the argument. In the view we have taken of the character and effect of the first demand, it is immaterial whether the second was within or beyond a reasonable time.

*Exceptions overruled.*